IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., ) <br> a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SIEBERT, INC., an Illinois corporation, ) <br> ) <br> Defendant. ) | No. 03 C 7713 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Baldwin Graphic Systems, Inc., brought this action against defendant, Siebert, Inc., alleging patent infringement of U.S. Patents, Nos. Re 35,976 (Re '976 patents) and 5,974,976 ('976 patent) (collectively, patents in-suit). Plaintiff now moves to strike portions of defendant's rebuttal expert reports, on the grounds that they present new, as opposed to rebuttal, expert opinions and are thus untimely submitted, in violation of FED.R.CIV.P. 26(a)(2). Defendant contends that plaintiff's recent disclosure of additional infringement claims, and a new claim construction, precipitated its rebuttal expert reports. For the following reasons, plaintiff's motion to strike portions of defendant's rebuttal expert reports is granted.

The subject matter of this patent infringement suit concerns a specific process for cleaning cylinders of printing presses. Plaintiff submitted its initial Rule 26 disclosure on January 8, 2004, and asserted claims 28-29 and 31-32 of the Re '976 patent, claims 1, 12-16, 18, 21 and 23-24 of the '976 patent, and claim 19 of U.S. Patent No. 6,035,483 ('483 patent). Then, on October 29, 2004, plaintiff amended its initial disclosure by dismissing claim 19 of the '483 patent, asserting only claim 32 of the Re '976 patent and asserting claims 1, 7, 9, 12,

14, 23 and 25 of the '976 patent. After that supplemental disclosure, claims 7, 9 and 25 were the only claims added that plaintiff did not assert in its initial disclosure. According to plaintiff, these claims are not new at all, and it argues that claims 7 and 9 are dependent on claim 1 and claim 25 is dependent on claim 14. Initial expert reports were due on November 1, 2004, and rebuttal expert reports were to be exchanged on November 22, 2004. This court extended the rebuttal expert report deadline to December 20, 2004.

In its initial disclosure on November 1, 2004, defendant indicated that its expert, Paul Jadrich, would testify that claim 32 of the Re '976 patent was invalid for obviousness. Defendant did not contend that any of the claims from the '976 patent were invalid for obviousness or anticipation, nor did it assert that claim 32 of the Re '976 patent was anticipated. However, in defendant's rebuttal expert reports, its experts Vito J. Lombardo and Paul Jadrich indicated, for the first time, that they would testify to the anticipation and obviousness of claims 1, 7, 9, 12, 14, 23 and 25 of the '976 patent. Further, Jadrich stated that he would testify that claim 32 of the Re '976 patent was anticipated. Plaintiff contends that those claims would have been timely had defendant submitted them in its initial expert report, and that it cannot introduce those arguments in its rebuttal reports. In response, defendant argues that its rebuttal expert report was precipitated by the report of plaintiff's expert, John MacPhee. According to defendant, that report contains a new claim construction theory and adds three new claims.

Rule 26(a)(2) governs the disclosure of expert testimony. Expert opinion reports must be disclosed "at the times and in the sequence directed by the court." FED.R.CIV.P. 26(a)(2)(C). Under Rule 26(a)(2)(B) expert witness disclosures must contain "a complete statement of all opinions to be expressed and the basis and the reasons therefore." Noncompliance with expert

disclosure rules risks the exclusion of testimony or witnesses at trial. NutraSweet Co. v. X-L Eng'g Co., 227 F.3d 776, 785-86 (7th Cir. 2000). "Rule 37(c)(1) states that expert testimony may not be presented at trial if the expert's report was not disclosed to the other side within the deadline unless the party was justified in missing the deadline or the untimeliness of the disclosure was harmless." Dura Auto. Sys. of Ind., Inc. v. CTS Corp., 285 F.3d 609, 615 (7th Cir. 2002). Unless nondisclosure was justified or harmless, the exclusion is "automatic and mandatory." Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7thCir. 1996). This court has broad discretion when determining if a discovery violation is harmless or justified, and need not make explicit findings concerning those two issues. David v. Caterpillar, 324 F.3d 851, 857 (7th Cir. 2003). Still, guiding our analysis are these four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Defendant had no justification to add obviousness and anticipation arguments as to the '976 patent and anticipation arguments as to the Re '976 patent. A party presents its arguments as to the issues for which it has the burden of proof in its initial expert report. And in its rebuttal expert report, it presents expert opinions refuting the arguments made by the opposing party in its initial expert report. The rebuttal expert report is no place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice. Defendant had the burden to prove that the patents-in-suit are invalid for obviousness or anticipation, if it chose to pursue those arguments, and arguments to that extent should have been included in its initial report. Defendant thus attempts, without justification, to supplement its initial report with opinions presented in its rebuttal reports. Claims 7, 9 and 25 are not new

because they are dependent on claims 1 and 14, which defendant has had notice of since plaintiff's initial disclosure. While the addition of these claims may have caused defendant to adjust its strategy, just as plaintiff's decision to dismiss certain claims must have done, that is not sufficient to justify its late disclosure.

Plaintiff does not present arguments as to the prejudice caused by defendant's belated disclosure. Yet, there is a sufficient indication that defendant's decision to include new arguments in its rebuttal expert reports is not harmless. Before defendant submitted its rebuttal expert reports, plaintiff planned to rest on the presumption of validity to which its patents are entitled. It did not expect to defend the validity of the claims. The purpose of the rules governing expert witnesses is to safeguard against such surprise: "[E]xpert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000). There is no disruption of trial, but discovery has now closed and defendant's belated disclosure comes when depositions are soon to commence. While there is no indication of bad faith on defendant's part, its belated disclosure was willful in the sense that it was not inadvertent. Defendant deliberately chose not to challenge the validity of the '976 patent or the anticipation of the Re '976 patent in its initial report, just as it purposefully chose to in its rebuttal report. This is not a situation involving an inadvertent omission, which is a reason militating against automatic exclusion. *See* FED.R.CIV.P. 37(c)(1) advisory committee's note to the 1993 amendment.

FED.R.CIV.P. 26(e) governs supplemental disclosures, which are permitted when they are based on information acquired subsequent to the original disclosure, or a realization that

the original disclosure was incomplete or incorrect. This rule serves to benefit the opposing party by imposing a duty to supplement incorrect or incomplete disclosures and does not establish a right to lengthen discovery deadlines. *See* Carter v. Finley Hospital, 2003 WL 22232844, *2 (N.D. Ill. 2003). Allowing defendant to supplement under Rule 26(e) would be improper. Its rebuttal expert reports do not seek to correct or complete prior disclosures, and, further, they are not based on information acquired after plaintiff's initial disclosure. As mentioned above, any "new" claims asserted by plaintiff are dependent on claims that it originally submitted, and which defendant chose not to challenge on obviousness or anticipation grounds.

We therefore strike those portions of its rebuttal report that should have been disclosed in its initial expert report. However, defendant may still refute MacPhee's claim construction and contend, for instance, that it "is necessarily an absurdly broad construction" of the patents, as Lombardo asserts in his rebuttal expert report. As plaintiff acknowledges, defendant may say that all the claims, as construed by plaintiff, read on prior art. Challenging plaintiff's claim construction on those grounds may require defendant to argue that the claims are invalid for obviousness or anticipation, but such challenges are confined to the claims as construed by plaintiff.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 22, 2005.