IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALDWIN GRAPHIC SYSTEMS, INC., )
)
       Plaintiff, )
)
vs. ) No. 03 C 7713
)
SIEBERT, INC., )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendant moves for sanctions because plaintiff's expert sent off samples to Doug Bousfield at the University of Maine without having Bousfield sign a Confidentiality Undertaking. Its motion was prompted, at least in part, by its suspicion that his analysis had something to do with plaintiff's entry into the market with a new low VOC solvent. As it turns out (or so it seems), Bousfield analyzed viscosity only, not chemical composition, and that led to the withdrawal of '483 patent infringement claims. There was no harm – although there was a foul: Bousfield is an outside consultant, not a member of plaintiff's staff. He should have signed a Confidentiality Undertaking.

We see no reason to impose the somewhat draconian sanctions requested by defendant. But the motion would not have been necessary if plaintiff had followed the court orders. Defendant is at least entitled to be reimbursed for its reasonable expenses relating to the motion, including attorneys' fees.

                                                _____
                                                JAMES B. MORAN
                                               Senior Judge, U. S. District Court

_April 27_, 2005.