IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALDWIN GRAPHIC SYSTEMS, INC., )
 )
        Plaintiff, )
 )
vs. ) No. 03 C 7713
 )
SIEBERT, INC., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendant has moved for summary judgment and the parties have somewhat differing views of what the claims mean in claim 32 of U.S. Patent No. Re. 35,976 (although plaintiff's contention there is now confined to the initial zip-lock bag shipments), and in claims 1, 7, 9, 12, 14, 23 and 25 of U.S. Patent No. 5,974,976. Plaintiff, while opposing the motion, has also moved for a Markman hearing. The motion for a Markman hearing is granted.

The threshold for finding that there are material disputed facts precluding summary judgment is low. We recognize that Markman pegs claim construction as an issue of law, but at the summary judgment stage we think we are bound to follow the standard that if a reasonable person could interpret the claims as plaintiff interprets them, we must deny the motion. But the conclusion of a Markman hearing is a ruling by the court of what it believes the reasonable interpretation to be. We need such rulings – and then we can rule on the summary judgment motion.

The parties are directed to appear for a status hearing on May 3, 2005, at 9:15 a.m., to discuss the scope of such a hearing (and we do not exclude the notion that the present record is sufficient, although the parties may wish to direct the court to those portions it considers

most relevant) and a date for such a hearing, if necessary. The court suggests May 19, 2005.

                                                                JAMES B. MORAN
                                                 Senior Judge, U. S. District Court

April 27, 2005.