IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALDWIN GRAPHIC SYSTEMS, INC., )
a Delaware corporation, )
)
Plaintiff, )
)
vs. ) No. 03 C 7713
)
SIEBERT, INC., an Illinois corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

as amended:

Plaintiff Baldwin Graphics Systems, Inc., brought this action against defendant Siebert, Inc., alleging infringement of U.S. Patent No. 5,974, 976 ('976 patent). On March 17, 2006, defendant served a supplemental answer to plaintiff's interrogatory No. 2, which asked defendant to "[s]et forth in complete detail the basis for Siebert's Affirmative Defense that the claims of the patents-in-suit are invalid." In the supplemental answer defendant presented prior art patents and publications, and identified persons who had prior knowledge of the '976 patent. Defendant contends that this supplemental information was prompted by the court's July 28, 2005, claim construction ruling, specifically the court's interpretation of the phrase, "reduced air content cleaning fabric." Defendant further asserts that the information evidences that the '976 patent is invalid on anticipation and obviousness grounds. Plaintiff now moves to exclude the information and witnesses not previously disclosed during discovery. Plaintiff further moves to bar defendant's experts from relying on any recently-disclosed information. For the following reasons, plaintiff's motion to exclude is denied.

At the heart of this patent dispute is technology that applies fabric with reduced air

content to clean cylinders of printing presses. Plaintiff initially alleged infringement of three patents and contended that defendant's fabric achieved reduced air content by virtue of being calendared. After it became apparent that defendant's fabric was not calendared, plaintiff argued that defendant's fabric still infringed the '976 patent because air content was reduced by a mechanical means, such as winding the fabric on a roll. The court ruled that the claims neither specified a process for reducing air content nor expressly excluded fabric whose air content was reduced by a mechanical process. Defendant's motion for summary judgment on the '976 patent was accordingly denied on July 28, 2005. Baldwin Graphic Systems, Inc., v. Siebert, Inc., 2005 WL 1838451, 2005 U.S. Dist. LEXIS 15527 (N.D. Ill. 2005). On December 21, 2005, we denied defendant's motion to reconsider (*id.* at no. 03c7713, dkt. 93).

Prior to the summary judgment ruling, defendant attempted to include in its rebuttal expert reports certain invalidity arguments it initially failed to present. The court struck those new invalidity arguments, concluding that defendant consciously elected not to assert that the '976 patent was invalid for obviousness or anticipation, and it could not now insert those new arguments into rebuttal reports (*id.* at 2005 WL 1300763, 2005 U.S. Dist. LEXIS 10692 (N.D. Ill. 2005)). As explained in the motion to reconsider ruling, this exclusion of new invalidity arguments was limited to the summary judgment motion (*see id.* at dkt. 93, *14 (noting that the supplemental arguments were struck "[f]or the purposes of the summary judgment motion . . .", and that the invalidity defenses were barred "at this stage.")). We expressly noted that striking the supplemental arguments "did not categorically bar any invalidity defenses that defendant may raise at trial." *Id.*

By so observing, we recognized that the Markman hearing had the potential to yield a claim construction that subjected the '976 patent to certain invalidity defenses that were not

readily apparent at the outset of litigation, particularly when the plaintiff initially proceeded on its calendaring theory. In its supplemental answer to plaintiff's interrogatory no. 2, defendant asserted that the summary judgment ruling had this precise effect. Defendant stated that the court's construction of the phrase, "reduced air content cleaning fabric," subjects the '976 to invalidity challenges on the grounds of anticipation, obviousness, previous use or offer for sale, and indefiniteness under 35 U.S.C. § 112. The court thus anticipated rather than precluded defendant's invalidity arguments. Plaintiff's reliance on the prior limitation placed on defendant's rebuttal expert reports is misplaced.

In addition to referencing the court's December 21, 2005, ruling, defendant also cites 35 U.S.C. § 282 in support of its supplemental invalidity defenses. Section 282 provides that the party asserting invalidity or non-infringement "shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial" of any patent, patentee, or publication to be relied upon as anticipation or state of the art, and provide notice of any person who was a prior inventor or had prior knowledge, or previously used or offered for sale the invention of the patent in suit. If proper notice is not provided, then the material may not be used at trial, except on the court's terms. Since no trial date has been set, defendant asserts that its notice of invalidity arguments is not untimely. Plaintiff counters, and argues that section 282 coexists with, rather than trumps, the federal rules of civil procedure. While the supplemental information may be permitted by section 282, plaintiff asserts that it should be excluded under the federal rules because it was not presented in defendant's Rule 26 disclosure, and because fact discovery has long been closed. Citing Rule 26(a)(2)(B), plaintiff further argues that defendant's experts cannot rely on any supplemental prior art, publications, or other documents that were not identified in their initial expert reports.

Plaintiff is correct that section 282 must be viewed in conjunction with Rule 26. In ATD Corp v. Lydall, Inc., 159 F.3d 534 (Fed. Cir. 1998), the defendant argued that section 282 overrode the federal rules to the extent that the rules excluded material that was permitted under the statute. The court rejected that argument, but did not do so by asserting the priority of the federal rules. Instead, the court emphasized the district court's discretion in discovery matters. *See id.* at 551 (emphasis added) ("Thus although § 282 sets a minimum period for the identification of prior art to be introduced as evidence of anticipation, a specific *judicial directive* for the timing of discovery establishes the procedures to which the parties are bound."). The Federal Circuit has also commented that when read with Rule 26, section 282 "indicates Congress's intent that courts be permissive in the introduction of relevant evidence." Eaton Corp. v. Appliances Valves Corp., 790 F.2d 874, 879 (Fed. Cir. 1986).

There is no dispute that defendant presented the supplemental invalidity material in response to interrogatory no. 2 well after the close of fact discovery. Further, that supplemental information is not present in its initial Rule 26 disclosure. Nevertheless, we deem it within our discretion to allow for the introduction of this relevant information. There is a significant difference between including invalidity arguments in initial disclosures and making claims of invalidity in response to the court's claim construction. In the case of the former, the defendant's arguments are made in response to the adversary's accusations of infringement. But with the latter, if the court's claim construction ruling changed the landscape of the case, it would be unfair to hold a party to arguments made in its initial response that would be immaterial at trial.[1] Thus, when certain invalidity arguments and information, not material

---

[1] Commentators have noted problems posed by post-discovery Markman hearings. *See* William F. Lee & Anita K. Krug, *Still Adjusting to Markman: A Prescription for the Timing of Claim Construction Hearings*, 13 Harv. J. Law & Tec 55, 78-79 (1999); *After the Markman Hearing*, 837 PLI/Pat 337, 342-48

at the time initial Rule 26 disclosures are filed, later become relevant due to the court's claim construction, the absence of those arguments in the initial disclosures should not mandate their subsequent exclusion at trial.[2]

The purpose of section 282's advance notice provision "is to prevent unfair and prejudicial surprise by the production of unexpected and unprepared-for prior art references at trial," (ATD, 159 F.3d at 551), and we accordingly consider whether plaintiff will be prejudiced by the advancement of defendant's supplemental invalidity arguments. We do not think that introduction of material set forth in defendant's supplemental response, and prompted by the court's construction of "reduced air content cleaning fabric," will prejudice plaintiff. As defendant notes, plaintiff failed to claim any prejudice in its motion to exclude. Only in its reply memorandum does plaintiff claim hardship. However, the primary prejudice cited is additional cost and time. We recognize that these are important factors, but do not think that they outweigh potentially dispositive defenses. Moreover, defendant has previously attempted to marshal invalidity arguments related to the reduction of air content by winding dry non-woven cloth on a roll.[3] See Report of Vito Lombardo at 7-10. Even though the court

---

(2005). Judge Rader, sitting by designation in the Eastern District of New York, noted that a court's claim construction often generates disputes that require careful policing of the parties' new theories of liability and invalidity. Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 911 F. Supp. 76, 79 (E.D.N.Y. 1996).

[2] There are situations when additional prior art and supplemental invalidity arguments, submitted in purported response to a court's claim construction, should be excluded. For example, in Finisar Corp. v. Directv Group, Inc., 2006 WL 784800, 2006 U.S. Dist. LEXIS 13648, *14-16 (E.D. Tex. 2006), after claim construction and less than three months before the trial date, the defendant submitted two expert reports with 58 new prior art references. Observing that not every unexpected claim construction invites new invalidity contentions, the court barred the defendant from introducing new prior art references "shortly before trial." The defendant in Finisar sought to introduce far more prior art references than defendant here presents, and no trial date in this case has been set.

[3] Defendant's attempt to supplement its invalidity defenses, initially through its rebuttal reports and currently with its supplemental answer, distinguishes Loral, 911 F. Supp. at 80, in which the party offering a supplemental, post-Markman liability theory, did "not even attempt[ ] to update its expert reports or discovery responses."

disallowed the inclusion of those arguments in the rebuttal reports, plaintiff was on notice of their content. Further, the December 21, 2005, order stated in plain terms that the supplemental arguments were stricken for the purposes of the summary judgment motion, and no invalidity defense was barred from trial. It cannot be said that defendant's supplemental invalidity defenses have unfairly surprised plaintiff. In contrast, preventing defendant from introducing the supplemental invalidity material would significantly harm its case. *See* Eaton, 790 F.2d at 879 ("The boundaries of the district court's discretion are defined by unfair, prejudicial harm to a party deprived of an adequate opportunity to present its case.").

We do question why defendant waited nearly eight months from the date of the summary judgment ruling, and almost three months from the denial of its motion to reconsider, to file its supplemental answer and invalidity defenses. But we do not consider this delay to be sufficiently prejudicial to warrant the exclusion of the defenses. Even if defendant filed these defenses on the day after the summary judgment ruling, we suspect plaintiff would still move to exclude, citing the close of fact discovery and the court's February 22, 2005, order. Further, plaintiff has the opportunity to respond to defendant's supplemental response and cure any prejudice caused by the delay. *See* Donnelly Corp. v. Gentex Corp., 37 U.S.P.Q.2d 1146, 1149 (W.D. Mi.1995). No trial date has been set, and it is inaccurate to characterize defendant's response to interrogatory no. 2 as a "last-minute production of evidence." Further, due to the relatively limited scope of the prior art and patents, we do not anticipate that any additional discovery will unnecessarily protract this case, even though it has had more than its fair share of discovery disputes. Expert reports should be supplemented, but only to the extent that they reflect the invalidity arguments presented in response to the court's claim

construction.[4]

## CONCLUSION

For the foregoing reasons, plaintiff's motion to exclude is denied.

                                                                                   _____
                                                                                         JAMES B. MORAN
                                                                                   Senior Judge, U. S. District Court

__June 6__, 2006.

---

[4] We recognize that such supplements may resemble the content presented in defendant's rebuttal expert reports that the court struck.