IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., </br></br>  Plaintiff, </br></br> v. </br></br> SIEBERT, INC., </br></br>  Defendant. | Civil Action 03 C 7713 </br></br> **JURY DEMAND** </br></br> Judge Moran </br> Magistrate Judge Denlow |

**DEFENDANT SIEBERT, INC.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY WITH RESPECT TO U.S. PATENT NO. 5,974,976 AND/OR, ALTERNATIVELY, FOR REVISION OF THE COURT'S PRIOR CLAIM CONSTRUCTION IN LIGHT OF THE COURT'S DECEMBER 14, 2006, MEMORANDUM OPINION AND ORDER**

Defendant, Siebert, Inc. ("Siebert"), by and through its attorneys, respectfully moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Northern District of Illinois, for entry of summary judgment of invalidity with respect to U.S. Patent No. 5,974,976 in its favor and against Plaintiff Baldwin Graphic Systems, Inc. ("Baldwin"). In the alternative, and in light of the Court's December 14, 2006, Memorandum Opinion and Order, Siebert respectfully moves this Court for a revision of its prior claim construction to limit the term "reduced air content cleaning fabric" in the asserted '976 patent claims to a fabric that has had its air content reduced prior to being wound on a core to form a fabric roll. Siebert states that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law of invalidity under the Court's current claim construction, or noninfringement under Siebert's proposed revised claim construction.

1. Pursuant to Local Rule 56.1 of the Northern District of Illinois, Siebert has filed a Memorandum of Law and Statement of Material Facts in support of this motion separately, which are incorporated herein, and in which the grounds for this motion are more fully set forth.

2. Baldwin alleges: (1) direct infringement of claims 1, 7, 9, 14, and 25 of the '976 patent; (2) contributory infringement of claim 12 of the '976 patent; and (3) inducement of infringement of claim 23 of the '976 patent. Baldwin's infringement allegations rest upon its assertion that Siebert uses a "reduced air content cleaning fabric" together with low VOC solvent in its accused products.

3. Throughout fact discovery in this case, Baldwin alleged that Siebert's fabric infringed the "reduced air content cleaning fabric" element of the asserted claims solely because it had been calendared. However, once Baldwin investigated Siebert's product, and learned that Siebert's fabric was not calendared, Baldwin's infringement theory suddenly changed after the close of fact discovery. Baldwin now argues that Siebert's accused fabric constitutes a "reduced air content cleaning fabric" merely because it has been wound on a core to form a roll.

4. On July 28, 2005, the Court adopted Baldwin's newly-disclosed claim construction theory, construing the term "reduced air content cleaning fabric" in the asserted '976 patent claims to "not exclude fabric whose air content has been reduced by a method of winding or rewinding the fabric on a roll."

5. Under the current construction of the claim term "reduced air content cleaning fabric," there is no dispute of material fact that the invention claimed in the '976 patent was in public use and/or obvious to one of ordinary skill in the art well before the critical date of the '976 patent, and therefore invalid under 35 U.S.C. §§ 102(b) and/or 103. Furthermore, there is

no dispute of material fact that, as presently construed, the asserted '976 patent claims fail to satisfy the requirements of 35 U.S.C. § 112, ¶ 2. Accordingly, summary judgment that the asserted '976 patent claims are invalid for anticipation, obviousness and/or indefiniteness is appropriate.

6. In the alternative, and in light of the Court's discussion of the claim construction issue in its December 14, 2006, Memorandum Opinion and Order, Siebert respectfully requests that the Court revise its prior claim construction concerning the claim term "reduced air content cleaning fabric." Specifically, Siebert requests that the Court construe this claim term as required by the '976 patent specification, which makes clear that the "reduced air content cleaning fabric" of the invention must have a reduced air content *prior* to being wound on a core to form a fabric roll. Under this claim construction, there is no dispute of material fact that Siebert's accused products do not infringe the asserted '976 patent claims.

WHEREFORE, Defendant, Siebert, Inc., respectfully requests that this Court enter an order granting summary judgment of invalidity with respect to the asserted claims of U.S. Patent No. 5,974,976 as those claims are currently construed by the Court. In the alternative, Siebert respectfully requests that the Court revise its construction of the term "reduced air content cleaning fabric" to require that the air content of a fabric be reduced prior to winding the fabric on a core to form a roll, and enter summary judgment of noninfringement in favor of Siebert.

Dated: December 18, 2006.                Respectfully submitted,

                                         SIEBERT, INC.


                                         By:  /s/ Keith D. Parr
                                              Keith D. Parr

3

Keith D. Parr
James T. Peterka
LORD, BISSELL & BROOK LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0700
(312) 443-0336 (facsimile)

Robert P. Conlon
WALKER WILCOX MATOUSEK LLP
225 W. Washington, Suite 2400
Chicago, Illinois 60606
(312) 244-6767
(312) 244-6800 (facsimile)

*Attorneys for Siebert, Inc.*

## CERTIFICATE OF SERVICE

I, James T. Peterka, an attorney, hereby certify that on this 18th day of December, 2006, I caused to be served a true and correct copy of the foregoing **DEFENDANT SIEBERT, INC.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY WITH RESPECT TO U.S. PATENT NO. 5,974,976 AND/OR, ALTERNATIVELY, FOR REVISION OF THE COURT'S PRIOR CLAIM CONSTRUCTION IN LIGHT OF THE COURT'S DECEMBER 14, 2006, MEMORANDUM OPINION AND ORDER** by causing a copy of the same to be delivered by U.S. regular mail, postage prepaid, addressed to the following:

James W. Gould
Keith J. McWha
Morgan & Finnegan, LLP
3 World Financial Center
New York, New York 10281-2101
(212) 758-4800
(212) 751-6849 (facsimile)

Joseph R. Marconi
Jack T. Riley, Jr.
Christopher W. Loweth
Johnson & Bell, Ltd
55 E. Monroe, Suite 4100
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 (facsimile)

_____/s/ James T. Peterka_____
James T. Peterka